## David Bradley Manufacturing Company v. Lansing J. Raynor, Receiver.

1. CONTRACTS—*Whether Sales or Bailments.*—A contract provided that the consignee should pay for goods to be delivered " as per prices and terms annexed to said goods," and that the consignor should carry " all goods remaining unsold." *Held,* that the contract was a sale and not a bailment.

2. SAME—*Whether Sales or Bailments—The Rule Stated.*—Where there is no obligation to return an article, the party receiving it being at liberty to return another thing of equal value, he becomes a debtor to make a return, and the title to the property is changed—it is a sale.

**Petition,** in assignment proceeding. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 1, 1897.

EGBERT PHELPS, attorney for appellant.

GEORGE S. HOUSE, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellant intervened by petition to compel appellee as receiver of the Joliet Strowbridge Company to turn over to it certain farming implements held by it, claiming that the goods in question were put into the possession of the insolvent Joliet Strowbridge Company before insolvency and while it was conducting a retail business in farm implements as its agent, for sale, and not as purchaser; that the Joliet Strowbridge Company, as to the goods in question, was the bailee of appellant, and that the title to the goods remained

in the appellant and was not in the consignee, which afterward became insolvent, and was put in the hands of appellee as receiver by order of the Circuit Court in chancery.

The amount of the goods in the aggregate claimed is $1,115.70.

The decision of the case hinges on the proper construction of two contracts between the appellant and the said Joliet Strowbridge Company of 1894 and 1895, and proof that settlements were never made unless the goods were sold.

The proof produced by the appellant fails to show under which contract, the one of 1894 or 1895, the goods were delivered to the Joliet Strowbridge Company. They were delivered under one or both, and as the burden of proof was on appellant if there was any difference, it must be assumed that the goods were delivered under the one of 1895, which it is conceded was most unfavorable to the appellant.

The first contract, dated October 9, 1894, is in the form of an order from the Joliet Strowbridge Company, directed to appellant, in which goods are ordered to be shipped to it at Joliet, Ill., subject to the conditions as named on the next page of the order, and for which the said consignee agreed " to pay as per price and terms annexed to said goods, for all goods sold." According to conditions the Joliet Strowbridge Company was to pay the freight, and to stand all breakage.

The second contract, of October 12, 1895, provided that the consignee should pay for the goods " as per prices and terms annexed to said goods; " and a memorandum was attached, by which the appellants were to carry " all goods remaining unsold."

It seems to us that the transaction amounted to a sale of the goods to the Joliet Strowbridge Company, or at least it had an option to pay for the goods and retain them.

It was an absolute sale, so far as the appellant was concerned.

There was no agreement on the part of the Joliet Strowbridge Company to return the goods to appellant, or that it should retain any property interest in them, and any

shortage was not to be allowed to the purchaser, and the goods were held and sold as the consignee saw proper without restriction, and were regarded and treated as the property of the purchaser, and settled for accordingly.

It is in principle the same as a case of "sale or return," leaving it optional with the purchaser and creditor to be extended until sale. We refer to the following cases, as establishing the doctrine that where "the receiver is at liberty to return another thing of equal value or the money value, he becomes a debtor to make the return, and the title to the property is changed—it is a sale." Lonergan v. Stewart, 55 Ill. 49; Richardson v. Olmstead, 74 Ill. 213; Chickering v. Bastress, 130 Ill. 214; Lenz v. Harrison, 148 Ill. 598.

We are of the opinion that the decree of the Circuit Court was right, refusing the relief sought by appellants, and it is therefore affirmed.